# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>A. CIOLLI, Warden,<br><br>    Respondent. | Case No. 1:21-cv-01149-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. He challenges a disciplinary hearing in which he was found guilty of violating BOP Code 296 for email abuse for which he was sanctioned with 27 days loss of good time credits, 30 days of disciplinary segregation, and loss of privileges. (Doc. 1 at 2.)

Petitioner appears to claim that because he offered "no comment" in response to the charges, a "case or controversy" did not exist, and therefore the Disciplinary Hearing Officer ("DHO") lacked jurisdiction. Because it is clear that Petitioner fails to state a cognizable federal claim for relief, the Court will recommend the petition be DISMISSED with prejudice.

## I.    **BACKGROUND**

On November 6, 2020, an incident report was created concerning an incident which took place on October 28, 2020. The description of the incident is as follows:

> On November 6, 2020, at approximately 8:50 a.m., at the conclusion of a review of an outgoing electronic mail (e-mail) message to e-mail address publiteOa@gmail.com Inmate Gonzalez, Joel Reg. No. 79653-053 account, I discovered the e-mail being used by inmate Gonzalez is a third party text service.
>
> On October 28, 2020, at approximately 11:19 a.m., an e-mail message was sent to publiteOa@gmail.com stating, "what u talking about me lady anyways how u doing how the kids?" The subject line of the e-mail contained the number (5703286434).
>
> On October 29, 2020, at approximately 9:44 a.m., an e-mail was sent to publiteOa@gmail.com stating "that's how I got to this program a puertorican from Mcreary u.s.p. medijo go to the program and atwater u.s.p. and from there go a FCI so a I when I don't run with nobody since day one you herrr I don't need them shit they need me so dolo solo kid!:)". The subject line of the e-mail contained the number (8132300356).
>
> Further investigation of the e-mail address and the numbers contained in the body of the e-mail address was generated by a third party text service. The ten numbers (5703286434) and (8132300356) contained in the subject line of the e-mail are actually phone numbers which the messages are forwarded to. A search of TRULINCS revealed phone number (570) 328-6434 and (813) 230-0356 are solely used and contacted by Inmate Gonzalez who is currently housed at USP Atwater.
>
> Inmate Gonzalez utilizing a third party text and email service inhibited my ability to monitor the frequency of his electronic mail use, the e-mail address contacted, and circumvents monitoring of his communications. This is a violation of Program Statement 4500.12 (Section 14 Trust Fund Limited Inmate Computer System) and jeopardizes the safety, security and orderly operations of the institution. Inmate Gonzalez, Joel Reg. No. 79653-053 was identified using Sentry, BOPWARE and TRULINCS.

(Doc. 1 at 14.)

On November 6, 2020, at approximately 9:51 a.m., the incident report was delivered to Petitioner charging him with "Mail Abuse (Electronic Mail)" in violation of BOP Offense Code 296, thereby giving him advanced written notice of the charge. (Doc. 1 at 14.) He was advised of his rights on November 7, 2020, but he refused to sign the form. (Doc. 1 at 15.) A disciplinary hearing was held on November 10, 2020. (Doc. 1 at 17.) He declined his right to a staff representative, declined to call any witnesses, and declined to present any documentary evidence. (Doc. 1 at 17.) Petitioner did not admit or deny the charges and did not make a statement. (Doc. 1 at 17.) Based on a review of the evidence, the Disciplinary Hearing Officer ("DHO") found

Petitioner guilty of committing the prohibited act of Mail Abuse. (Doc. 1 at 18.) The DHO sanctioned Petitioner with 27 days loss of good time credits, 30 days of disciplinary segregation, and loss of privileges. (Doc 1 at 2.)   Petitioner was provided a copy of the decision on November 18, 2020. (Doc. 1 at 20.)

## II.   DISCUSSION

### A.   Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

### B.   Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

### C. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Based on the exhibits attached to the petition, it appears that Petitioner has exhausted his administrative remedies. (Doc. 1 at 13.)

### D. Review of Petition

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst.

v. Hill, 472 U.S. 445, 454-455 (1984)).

In the context of prison disciplinary proceedings, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. Petitioner does not dispute that he received all of the above procedural due process guarantees. Nor does Petitioner contend that the charges were not supported by evidence. Therefore, all due process guarantees were fulfilled, and Petitioner fails to state a federal claim for relief.

Petitioner's sole argument is that because he offered no comment at the hearing, there was no case or controversy, and therefore the DHO lacked jurisdiction to find him guilty. This argument is frivolous. Petitioner was charged with the offense of mail abuse. The charge was the "case or controversy" at issue. He was found guilty of the offense based on the DHO's review of the evidence. Petitioner simply did not offer a defense or contest the charge.

In summary, it is undisputed that Petitioner was provided all due process guarantees. The petition should be dismissed.

### III. ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV. RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the proposed Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2021**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE