UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GONZALEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI, Warden,<br><br>　　　　Respondent. | No. 1:21-cv-01149-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN TO CLOSE CASE<br><br>(Doc. No. 5) |

　　　　Petitioner Joel Gonzalez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 10, 2021, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable claim for relief.  (Doc. No. 5.)  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service.  On August 30, 2021, petitioner filed a response to the findings and recommendations by filing a document entitled "Amended Motion," which the court will construe as his objections.  (Doc. No. 6.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case.  In his objections, petitioner raises new claims challenging the finding that he committed mail abuse in violation of U.S. Bureau of Prisons (BOP) offense code 296. Petitioner alleges that he did not violate BOP policy because the email addresses in question were on his contact list as family contacts.  In addition, he complains that staff did not block these messages whereas other messages he had sent were in fact blocked.  Finally, he claims he should have been instead charged with violating BOP offense code 396 which sanctions the use of mail for abuse other than criminal activity which does not circumvent mail monitoring.

None of the above claims now asserted by petitioner present a cognizable claim for relief. As noted by the magistrate judge, in the context of prison disciplinary hearings, due process requires only that an inmate be given:  (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1984). Petitioner does not dispute that he received all of the above procedural guarantees.

Due process also requires that the prison disciplinary charge be supported by "some evidence." *Hill*, 472 U.S. at 455 (citing *United States ex rel. Vatauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927)).  Here, petitioner does not dispute that he committed the acts underlying the disciplinary charge brought against him.  He admits that he utilized a third-party text and email service which inhibited prison staff ability to monitor his frequency of electronic mail use, the email address contacted, and circumvented prison staff's monitoring of his communications.  Regardless of who petitioner contacted, there was at least some evidence showing that the method he used to contact them circumvented prison officials' ability to monitor his communications.  The fact that prison staff did not discover the duplicity for several months does not undermine the fact that the violation conduct occurred.  Finally, BOP code 396 sanctions email abuse for acts that *do not* circumvent monitoring.  This provision does not apply here because, as petitioner readily admits, prison staff did not discover the relay of messages for eight

months, thus indicating that petitioner's actions did in fact circumvent monitoring.

Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required in this case because this is an order dismissing a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly,

1. The findings and recommendations issued on August 10, 2021, (Doc. No. 5), are adopted in full;

2. The petition for writ of habeas corpus is dismissed with prejudice;

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and

4. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **October 13, 2021**                      _Dale A. Drozd_
                                                   UNITED STATES DISTRICT JUDGE

3